UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY A. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>SMILEY,<br><br>Defendant. | CAUSE NO. 3:26-CV-1438-PPS-AZ |

OPINION AND ORDER

Gregory A. Taylor, a prisoner without a lawyer, filed a complaint and a motion for a preliminary injunction. ECF 1, ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

According to the complaint, Taylor is transgender and is not receiving any type of medical or mental health treatment for gender dysphoria. She says the lack of treatment causes her to self-harm. ECF 1 at 1. In her motion for a preliminary injunction, she explains that several requests for medical treatment have gone unanswered. ECF 3 at 1. Taylor sues Warden Smiley, the Warden of Westville

Correctional Facility, where she is housed, to receive constitutionally required care for a serious medical condition. *Id.* at 4.

Because Taylor's claim concerns the denial of medical care, it is governed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

The Seventh Circuit recognizes that gender dysphoria can be a serious medical need, and that a prisoner who is denied any treatment for it can state an Eighth Amendment claim. *See Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987); *see also Fields v. Smith*, 653 F.3d 550, 555 (7th Cir. 2011). Here, Taylor alleges that she has gender dysphoria, and that she has not received any kind of treatment for it despite her multiple requests. She also says the lack of treatment has caused her to self-harm. Giving Taylor the inferences to which she is entitled at this stage, I find these allegations are sufficient to state an Eighth Amendment claim against Warden Smiley for permanent injunctive relief to ensure she receives constitutionally adequate medical care. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (explaining that the

warden is the proper defendant on a claim for injunctive relief because he is "responsible for ensuring that any injunctive relief is carried out." )

Taylor also filed a motion for a preliminary injunction, seeking an order that she be given hormone replacement therapy. ECF 3 at 1. She says the medical providers are aware of her gender dysphoria diagnosis but have not provided any treatment, and that her written requests for medical treatment have gone unanswered. *Id.*

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As described above, Taylor alleges she is not receiving any type of treatment for her gender dysphoria and that she has harmed herself as a result. Warden Smiley will be required to file a response addressing these allegations before I rule on the motion.

For these reasons, the court:

(1) GRANTS Gregory A. Taylor, leave to proceed against Warden Smiley in his official capacity for permanent injunctive relief to receive constitutionally adequate medical and mental health care for gender dysphoria as required by the Eighth Amendment;

(2) DISMISSES all other claims WITHOUT PREJUDICE;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Smiley at the Indiana Department of Correction, with a copy of this order, the complaint (ECF 1), and the motion for a preliminary injunction (ECF 3);

(4) DIRECTS the clerk to email a copy of this order, the complaint (ECF 1), and the motion for a preliminary injunction (ECF 3) to Warden Smiley at Westville Correctional Facility;

(5) ORDERS Warden Smiley to acknowledge receipt of this order to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of the delivery;

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Smiley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(7) ORDERS the Warden to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **November 23, 2026**, with supporting documentation and declarations from staff as necessary, addressing the plaintiff's current gender dysphoria diagnosis and the steps being taken to address that need.

SO ORDERED.

ENTERED: October 15, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT